**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NORMAN CHRISTOPHER
TRUESDELL,

              Plaintiff,

v.                                          Case No: 6:19-cv-00886-Orl-DCI

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

**MEMORANDUM OF DECISION**

Norman Christopher Truesdell ("Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits and Supplemental Security Income ("SSI"). Doc. 1. Claimant argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to specify the weight given to the opinion of Donna Lester, M.D.; and (2) not properly evaluating Claimant's allegations of his pain and limitations. Doc. 26 at 26, 33. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

    **I.**    **The ALJ's Decision**

On May 7, 2007, Claimant filed an application for disability insurance benefits and SSI, alleging a disability onset date of April 16, 2007. R. 79-80, 183-91, 219. Claimant's application was denied initially and upon reconsideration. R. 81-82, 85-85, 114-19, 124-27. On May 2, 2008, Claimant filed a request for a hearing by an Administrative Law Judge ("ALJ"). R. 128. On August 17, 2009, the ALJ issued a decision and found Claimant not disabled. R. 87-98.

1

On October 19, 2009, Claimant requested review of the hearing decision (R. 149) and, on August 3, 2010, the Appeals Council denied Claimant's request. R. 99-102. On October 5, 2010, Claimant filed a complaint requesting that the Court reverse the decision of the Commissioner and remand the case for an award of benefits, or, in the alternative, remand the case for a rehearing *de novo*. Doc 1. On January 4, 2011, pursuant to sentence six of 42 U.S.C § 405(g), the Commissioner filed a motion to remand Claimant's case. Doc. 11; R. 103-06. On January 20, 2011, this Court entered an Order granting the motion to remand. Doc. 14; R. 109-10. On February 7, 2011, the Appeals Council remanded Claimant's case back to an ALJ for further proceedings. R. 111-13.

On January 31, 2012, a second administrative hearing was held. R. 30-78. On March 7, 2012, the ALJ found Claimant not disabled. R. 9-21. Claimant filed written exceptions with the Appeals Council. R. 4-5. On March 27, 2013, the Appeals Council declined to assume jurisdiction of Claimant's case. R. 1-3.

On March 4, 2014, the Commissioner filed an unopposed motion to re-open Claimant's case in this Court. *Truesdell v. Comm'r of Soc. Sec.*, No. 6:10-cv-01480-GAP-KRS, Doc. 21. On August 18, 2014, this Court reversed and remanded Claimant's case for further administrative proceedings. R. 1458-1481. On September 25, 2014, the Appeals Council entered a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge. R. 1486-1488.

On October 22, 2015, a third administrative hearing was held. R. 1863-1898. On November 10, 2015, the ALJ found Claimant not disabled. R. 1418-1430. Claimant appealed that decision, and on February 17, 2017, this Court reversed and remanded Claimant's case for further administrative proceedings. R. 1956-1968. On August 29, 2017 and September 30, 2017, the

Appeal Council entered Orders remanding Claimant's case back to an ALJ for further administrative proceedings.

On September 4, 2018, Claimant attended a fourth administrative hearing before an ALJ. R. 2371-2417. On February 27, 2019, the ALJ issued a decision. R. 1899-1919. In the decision, the ALJ found that Claimant had the following severe impairments: degenerative disc disease of the cervical and lumber spine with sciatica, asthma, chronic obstructive lung disease, morbid obesity, headaches, hammertoe, cardiomegaly, degenerative joint disease of the right knee, and a duodenal ulcer with gastritis. R. 1905.

The ALJ found that Claimant had a residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) with some additional limitations.[1] R. 1907. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that, claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb ramps or stairs. He can occasionally balance, stoop, kneel, or crawl. He must avoid climbing ropes, ladders, or scaffolds. He had to avoid concentrated exposure to humidity and wetness, extremes of hot and cold, and pulmonary irritants. Additionally, the claimant requires the ability to alternate positions from a sitting to a standing position every thirty to sixty minutes but is able to remain on task.

R. 1907. The ALJ posed a hypothetical question to the vocational expert ("VE") related to the foregoing RFC determination, and the VE testified that Claimant would be able to perform occupations in the national economy, such as table worker, nut or fruit sorter, and final assembler. R. 2413-14. Therefore, the ALJ found that Claimant was not disabled. R. 1899-1919.

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

On May 9, 2019, Claimant filed a complaint requesting that the Court reverse the decision of the Commissioner and remand the case for an award of benefits. Doc. 1; Doc. 26 at 39.

## II. Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.  Discussion

Here, Claimant argues that the ALJ failed to: (1) specify the weight given to Dr. Lester's opinions and (2) properly evaluate Claimant's testimony as to his subjective pain and limitations. Doc. 26 at 26, 33.  The Commissioner responds that the ALJ's failure to specify weight to Dr. Lester's opinion is harmless error and the ALJ properly evaluated Claimant's testimony.  Doc. 26 at 27, 38.

In order to determine whether a claimant is disabled, the ALJ must follow a five-step sequential evaluation process.  20 C.F.R § 404.1520(a)(4)(i)-(v).  Generally, the ALJ is required to determine:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; (5) and whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citations omitted).  If at any step the ALJ finds that a claimant is not disabled, the inquiry ends.  20 C.F.R §§ 404.1520(a)(4), 416.920(a)(4).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R §§ 404.1546(c); 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources, and any descriptions and

5

observations of limitations made by the claimant. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

### A. Dr. Lester's Opinion

Here, Claimant first argues that the ALJ committed reversible error by failing to specify the weight assigned to Dr. Lester's opinion. Doc. 26 at 26. The Commissioner responds and classifies any error as harmless because the ALJ: (1) gave great weight to Dr. Narayan's opinion in making her RFC determination, (2) explicitly declined to adopt the more restrictive limitations from Dr. Lester's opinion, and (3) adequately explained her rationale for finding Claimant had a reduced range of sedentary work. Doc. 26 at 27-32. Claimant is correct about one thing: the ALJ did not assign specific weight to Dr. Lester's opinion. R. 1899-1919. Instead, the ALJ summarized Dr. Lester's opinion in a lengthy paragraph as follows:

> Moreover, a consultative examination on December 6, 2014, with Donna Lester, M.D., revealed that the claimant ambulated without difficulty and his gait was normal (Exhibit 56F/page 4). No spasms were note in his spine. The claimant was able to toe walk but refused to heel walk. Tandem heel walking was unremarkable (Exhibit 56F/5). Motor strength was full at 5/5 in all extremities. Dr. Lester opined that the claimant could lift 20 pounds frequently, 50 pounds occasionally; and cany 20 pounds frequently, never carry over 21 pounds due to obesity and back pain; he can sit for 30 minutes at time or total of 4 hours; stand 15 minutes at time or total of 2 hours; walk 15 minutes at a time or a total of 2 hours; he can continuously reach overhead and in all other directions, handle, finger, feel and push/pull continuously; operate foot controls with both feet continuously; occasionally climb ramps/stairs/ladders/ropes/scaffolds; occasional balance and stoop; never kneel, crouch, or crawl due to back pain with restricts his movement; he can occasionally be around unprotected heights; he can continuously be around moving mechanical parts, operating a motor vehicle, humidity and wetness, dust/odors/fumes/pulmonary irritants, extreme cold/heat, and vibrations; he can continuously be around very loud noise (Exhibit 56F/page 9). The undersigned notes that these limitations are more than generous and are consistent with the claimant's admissions at the recent hearing that he could sit for 20 minutes at a time; walk up to 40 feet; climb 3 to 4 steps with use of a handrail; lift 15 pounds maximum or 5 pounds more frequently. The undersigned also notes that these limitations are supported by recent records from Theodossis Zacharis, M.D., which show that during five dates of service between January 2015 and October 2015, the claimant was only treated for hypertension and asthma and that although shortness

6

> of breath was reports, all the physical examinations failed to reveal any musculoskeletal complaints, no neck pain nor any complaints of anxiety or depression (Exhibit 62F). Dr. Zacharis noted that all of the claimant's functional examinations revealed that the claimant's mobility was not limited. However, in light of the diagnosis of asthma, reported with exertion (Exhibit 62F), the undersigned finds that the claimant would be limited to a restricted range of sedentary work which are consistent with the restrictions given by Dr. Lester.

R. 1916.  Claimant cites *Winschel v. Commissioner of Social Secuity*, 631 F.3d 1176, 1179 (11th Cir. 2011), to support his argument.  Doc. 26 at 32.  Under *Winschel*, the ALJ must state, with particularity, the weight given to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R § 404.1545(a)(1), (3).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id*. (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Here, the ALJ never stated the weight assigned to Dr. Lester's opinion; however, the ALJ considered the opinion and many of Dr. Lester's limitations are incorporated into the RFC.  R. 1899-1919.  For example, Dr. Lester opined that Claimant's COPD may affect his functional capacity.  R. 1600.  In the RFC determination, the ALJ noted that, despite the fact that Dr. Lester's opinion is consistent with medical records revealing that Claimant's mobility was *not* limited, she would still limit Claimant to a restricted range of sedentary work in light of Claimant's diagnosis of asthma and reported exertion.  R. 1916.  Furthermore, Dr. Lester opined that Claimant could carry and lift ten pounds continuously and twenty pounds frequently but could never lift or carry over twenty-one pounds.  R. 1597.  This is clearly consistent with the ALJ's determination of a restricted range of sedentary work.[2]

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567.

7

Claimant argues, however, that the limitations posed by Dr. Lester were, in fact, not consistent with the RFC because if Dr. Lester's opinion was adopted, then the ALJ should have found Claimant as disabled.[3] Doc. 26 at 25-26. In making this argument, Claimant points specifically to the hypothetical question based on Dr. Lester's limitations posed to the VE. Doc. 26 at 25-26. Dr. Lester opined that Claimant could, in total, sit for four hours, stand for two hours, and walk for two hours in an eight-hour workday. R. 1596. When given this hypothetical, the VE responded:

> Okay, so if the person can only sit for four hours and stand for two, that's only six hours and that's, you know the person would need to do eight hours a combination of sitting or standing because these are jobs at the workstation. They don't involve really walking to a different workstation.

R. 2414-16. Thus, Claimant's argument is as follows: because the RFC failed to include Dr. Lester's limitations that Claimant can only sit for four hours, stand two hours, and walk two hours, the ALJ was required to explain why she did not fully adopt Dr. Lester's opinion since ultimately, this would have rendered Claimant disabled.[4] Doc. 26 at 25-26. However, the Court is not persuaded by this argument.

Although the ALJ never stated the weight assigned to Dr. Lester's opinion, the ALJ summarized the contents of the opinion, showing the ALJ clearly considered it. *Laurey v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 (11th Cir. 2016) (holding no reversible error where "[a]lthough the ALJ never stated the weight given to [a physician's] treatment notes, the ALJ discussed the

---

[3] Claimant cites Social Security Ruling ("SSR") 83-10, which states that "[s]ince being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."

[4] The Court notes that it is unclear whether the limitations opined to by Dr. Lester would render Claimant disabled because a follow up question was never asked in this respect. Furthermore, SSR 83-10 only states that sitting should *generally* approximate six hours on an eight-hour workday.

8

content of [the] notes, showing that the ALJ considered and gave weight to [the] medical evidence") (alteration in original); *see also McCain v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-01558-SGC, 2020 WL 978835, at *5 (N.D. Ala. Feb. 28, 2020) (holding that, although the ALJ failed to use the phrase "little weight" or "no weight," he did not commit reversible error because he discussed the contents of the opinion, making it was sufficiently clear he considered it). The ALJ summarized all aspects of Dr. Lester's opinion, stated that the limitations were too generous, and noted that Dr. Lester's opinion was consistent with other medical records showing that Claimant had no limitations in his mobility. R. 1916. And because Dr. Lester was a consultative physician whose opinion was not entitled to great weight, the ALJ was never required to fully adopt Dr. Lester's opinion. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (citing *McSwain*, 814 F.2d at 619); *see also Preston v. Astrue*, No. 2:09–cv–0487–SRW, 2010 WL 2465530, at *6 (M.D. Ala. June 15, 2010) ("The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists.").

It is also noteworthy that the ALJ pointed to numerous pieces of evidence when explaining why great weight was given to the opinion of Dr. Narayan, who instead, opined that Claimant could sit, stand, or walk for a total of six hours each in an eight-hour workday.[5] R. 632-33, 635, 1914. When giving great weigh to Dr. Narayan's opinion, the ALJ noted that Claimant testified he watches television and plays on the computer during the day, which the ALJ found requires

---

[5] *See Osgood v. Comm'r of Soc. Sec.,* No. 2:16-CV-82-FTM-MRM, 2017 WL 1045505, at *6 (M.D. Fla. Mar. 20, 2017) (holding no error where an ALJ failed to state the specific weight given to two non-treating physicians because stating the specific weight would not change the ALJ's ultimate findings since the ALJ considered the opinions and chose to give different opinions more weight).

9

sitting for long periods of a time.  R. 1914.  Thus, the Court agrees with the Commissioner that the ALJ adequately explained her rationale for determining Claimant had a reduced range of sedentary work.

In sum, the Court finds no reversible error.  To remand for further explanation would be unnecessary because substantial evidence supports the ALJ's RFC determination.  *See e.g.*, *Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 837 (11th Cir. 2018) (holding that remand is unnecessary for additional explanation where an ALJ failed to specify a particular weight but articulated clearly the reasoning for the RFC determination and there was substantial evidence to support that determination); *Tillman v. Comm'r of Soc. Sec. Admin.*, 559 F. App'x 975, 975 (11th Cir. 2014) ("when the ALJ's error did not affect its ultimate finding, the error is harmless, and the ALJ's decision will stand") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); *but see Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020) (holding that the failure to specify weight to a *treating* physician was not harmless error because no substantial evidence exists to support the ALJ's decision when the ALJ makes *no mention* of the opinion at all) (emphasis added).  Thus, any error committed by the ALJ is considered harmless and Claimant's first argument fails.

### B. Claimant's Allegation of Pain and Limitations

Claimant contends that the ALJ failed to apply the correct legal standards to Claimant's testimony regarding his pain and limitations, specifically, because the ALJ failed to identify any inconsistencies.  Doc. 26 at 32-33.  On the other hand, the Commissioner argues that the ALJ properly considered the relevant evidence and properly concluded that the evidence did not indicate that Claimant was as limited as claimed.  Doc. 26 at 38.  The Court agrees with the Commissioner.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at §§ 404.1529(c)(1)-(4).

If the ALJ discredits the claimant's testimony as to his subjective complaints of disabling pain and other symptoms, then the ALJ must "clearly articulate explicit and adequate reasons" for doing so. *Dyer*, 395 F.3d at 1210. Although the Eleventh Circuit does not require an the ALJ to make an explicit finding as to credibility, "the implication must be obvious to the reviewing court." *Id.* (quoting *Foote v. Chater*, F.3d 1553, 1562 (11th Cir. 1995)). "[P]articular phrases or formulations," do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection." *Id.*

As an initial matter, the entirety of Claimant's argument rests on the ALJ "failing to identify any inconsistencies" between Claimant's testimony and the record; Claimant does not point to any specific part of the testimony in making his argument. Doc. 26 at 32-33. Without any further explanation, the Court finds that such argument is made perfunctorily and therefore deemed waived. *See, e.g., Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that a claimant's perfunctory argument was arguably abandoned)*; Gombash v. Comm'r of Soc. Sec.,* 566 Fed App'x 857, 858 n.1 (11th Cir. 2014) (stating that the

11

issue was not properly presented on appeal where claimant provided no supporting argument)*;* *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin,* No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decisions) (citing *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant simply stating that issue exists, without further argument od discussion, constitutes abandonment of that issue and precludes our considering on the issue on appeal."))

Even if Claimant had not waived this argument, the Court finds that, in support of her credibility determination, the articulated reasoning made by the ALJ is supported by substantial evidence. For example, the ALJ summarized a function report and pain questionnaire filled out by Claimant in 2007. R. 1908. Within the summary, the ALJ noted that Claimant reported pain in his lower back, head, right wrist and both feet; the pain would vary and sometimes last for hours. R. 1908. Claimant further reported that his impairments caused limitations in his ability to lift, squat, bend, stand, reach, walk, sit, kneel, or climb stairs. R. 1908. He allegedly uses crutches, a cane, and a brace at all time. R. 1908. He was having trouble with memory, completing tasks, concentrating, using his hands, and getting along with others. R. 1908.

The ALJ then summarized the content of Claimant's testimony at the hearing. R. 1908. Claimant testified that he had to stop working because of his headaches and that he would black out from the pain at times. R. 1908. He has three ruptured discs and the main reason he is not able to work is due to his chronic obstructive lung disease. R. 1908. He becomes short of breath if he walks more than a half block. R. 1908. In 2011, he was diagnosed with congestive heart

failures. Additionally, he has anxiety attacks and is depressed. R. 1909. He was reported to the hospital twice for stomach problems and also experiences frequent chest pain. R. 1909. In August of 2008, Claimant claimed he could not do much because of his conditions and could not sit or stand in one position for more than fifteen or twenty minutes. R. 1909. Claimant testified that in 2007 he was able to lift about 20 pounds but can currently only lift ten pounds. R. 1909.

After summarizing the content of Claimant's report and testimony, the ALJ found that Claimant's medically determination impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of the symptoms "are not entirely consistent with medical evidence and other evidence in the record." R. 1909. In making that determination, the ALJ reviewed and summarized all evidence in the record and found that none supported the level of Claimant's alleged pain. R. 1899-1919.

In making this determination, for example, the ALJ assigned little weight to Dr. Martin who treated Claimant and recommended a cane for his pain in his left leg. R. 1909-1910. The ALJ noted that Dr. Martin's opinion showed Claimant had no swelling or joint line tenderness, his range of motion was normal, and that he reported healing and doing well. R. 1910. Ultimately, the ALJ found that Dr. Martin did not impose any permanent physical restrictions on Claimant, but rather, the assistive devices were temporary for Claimant while he was healing from a knee injury. R. 1910.

Next, the ALJ noted that, although X-rays showed marked deformity in Claimant's left foot, there was "no acute fracture, dislocation, or bony destructive lesion." R. 1912. Additional X-rays showed no evidence of fractures and only mild degenerative changes to Claimant's reported thumb injury. R. 1912. Furthermore, as for Claimant's alleged frequent headaches, the ALJ pointed out that the evidence of the record fails to document treatment for headaches on a regular

13

basis, and that physical exam findings do not support any deficits in visual acuity. R. 1912. Nonetheless, the ALJ still limited Claimant to "simple tasks in consideration of the pain resulting from his headaches." R. 1912.

With respect to Claimant's testimony regarding his three ruptured discs and back pain, the ALJ found that an MRI showed Claimant had "eight sided L5-S1 and right midline L4-L5 disc protrusions." R. 1910. However, the ALJ also noted that Claimant reported being independent with house activities and daily living activities. R. 1910. Additionally, exams showed a positive straight-leg raising test on the left and only *mild* disc protrusions in the L4-L5 and L5-S1. R. 1910. Claimant also reported not being able to work due to chronic obstructive lung disease. R. 1908. The ALJ pointed out that Dr. Ferguson's reports showed Claimant was smoking sporadically and only had a mild case of COPD; further, Claimant's last recent chest CT showed he had a "stable appearance of an 8 mm nodule," "clear lungs with no evidence of respiratory distress at the time of discharge," and was able to "walk into the exam room without difficulty." R. 1911-12. Moreover, a hospitalization for atypical chest pain showed that Claimant had clear lungs and no signs of acute exacerbation of chronic obstructive lung disease. R. 1912.

The ALJ did find that, in February of 2018, Claimant was hospitalized, and a stomach biopsy noted Claimant had mild gastritis. R. 1913. However, the ALJ stated that Claimant was stabilized and discharged. R. 1913. Again, in May of 2018, Claimant was hospitalized for epigastric pain with nausea and vomiting. Once again, Claimant was stabilized and discharged home. R. 1913.

Turning to Claimant's alleged mental impairments, the ALJ noted that state agency psychiatrist Angeles Alvarez-Mullin, M.D., determined that Claimant had no severe mental impairment. R. 1913. The ALJ found that Dr. Alvarez-Mullin's opinion was consistent with "the

14

lack of formal mental health treatment and mental status exam findings outlined in the evidence of [the] record as a whole." R. 1913. The ALJ also found that in September of 2007 and March of 2008, state agency psychologist Arthur Hamlin, Psy. D. and state agency psychiatrist Angeles Alverez-Mullin, M.D. opined that Claimant did not have a severe mental impairment. R. 1913. The records show Claimant was alert and oriented with adequate memory, concentration, and judgment. R. 1913.

Finally, with respect to the limitations Claimant alleged, as noted above, the ALJ gave great weight to state agency medical consultant Vaduvur Narayan, M.D., who opined that Claimant was capable of frequently lifting and carrying ten pounds and capable of sitting, standing, and/or walking each for six hours total in the eight-hour work day. R. 632-33, 635, 1914. The ALJ explained that great weight was given to the opinion because the assessment completed by Dr. Narayan was consistent with the record as a whole. R. 1914. The opinion noted that Claimant watches television and plays on the computer during the day, which requires sitting for long periods at a time. R. 711, 1914. Further, despite Claimant's knee problems, Dr. Narayan recommended walking and stretching. R. 711, 1914. Lastly, the ALJ found that the record shows Claimant is able to do everyday activities when on pain medication. R. 711, 1914. Nonetheless, the ALJ still further reduced Claimant to sedentary work in consideration of Claimant's knee problems. R. 1914.

In sum, the ALJ considered Claimant's testimony, his activities of daily living, the frequency of his symptoms, and the medical opinions in the record. She concluded that Claimant's subjective complaints were not entirely consistent with the evidence in the record. The ALJ provided explicit and adequate reasons in support, which is sufficient enough to show that the ALJ considered Claimant's medical condition as a whole in making the credibility determination.

15

*Proctor v. Soc. Sec. Admin.*, No. 4:19-cv-00822-ACA, 2020 WL 805947, at *4 (N.D. Ala. Feb. 12, 2020) (citing *Dyer*, 395 F.3d at 1211). Thus, Claimant has not shown any error in the ALJ's subjective symptom assessment. Accordingly, Claimant's second argument fails as well.

### IV.     Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment accordingly and to close the file.

**ORDERED** in Orlando, Florida on July 30, 2020.

*[signature]*

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE